# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THADDEUS DAWSON,<br><br>      Plaintiff,<br><br>   v.<br><br>KATHLEEN ALLISON, et al.<br><br>      Defendants. | Case No. 1:11-cv-00338-SAB<br><br>ORDER RE MOTION FOR STATUS UPDATE AND FOR PRELIMINARY INJUNCTION<br><br>ECF NO. 17 |

Plaintiff Thaddeus Dawson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. On April 11, 2013, Plaintiff filed a motion seeking a status update and a preliminary injunction. (ECF No. 17.) Plaintiff has consented to the jurisdiction of a United States Magistrate Judge for all purposes. (ECF No. 4.) No other parties have made an appearance in this action.

Plaintiff's motion seeks "a status update and to inquire about a recent amendment to a civil petition submitted." (Mot. to Petition Court of Immediate Inj. Relief 1.) Plaintiff is advised that the Court does not provide status updates by motion and any motion for a status update will be denied. If Plaintiff wishes to receive confirmation that his filings have been received by the Court, Plaintiff may obtain return copies of his filings by submitting an additional conformed copy of his filings along with a postage paid returned envelope. See Local Rule 101. The Court will return the conformed copy using the postage paid returned envelope, thus providing

1  confirmation that Plaintiff's filing was received by the Court.  As a practical matter, the order
2  issued contemporaneously with this order provides Plaintiff with sufficient notice that his First
3  Amended Complaint was received by the Court.

4  Plaintiff's motion also requests "an injunctive order for 90 days to stop CDCR from
5  denying petitioner the right to a religious Kosher diet meal because he is not of the Jewish race."
6  (Mot. to Petition Court of Immediate Inj. Relief 1.)  The Court construes Plaintiff's request as one
7  for preliminary injunctive relief.

8  The purpose of a preliminary injunction is to preserve the status quo if the balance of
9  equities so heavily favors the moving party that justice requires the court to intervene to secure
10 the positions until the merits of the action are ultimately determined.  University of Texas v.
11 Camelish, 451 U.S. 390, 395 (1981).  "A plaintiff seeking a preliminary injunction must establish
12 that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence
13 of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the
14 public interest."  Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).
15 Plaintiff's one page motion does not address any of these factors.  Moreover, the Court notes that
16 Plaintiff's claims were dismissed for failure to state a claim in an order issued contemporaneously
17 with this order.  Plaintiff does not qualify for preliminary injunctive relief because Plaintiff has
18 not established that he is likely to succeed on the merits.

19 Moreover, the Court cannot issue an injunction against individuals who are not parties to
20 this suit.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969).  Plaintiff
21 seeks an injunction against the California Department of Corrections and Rehabilitation, but that
22 entity is not named as a defendant in this lawsuit.  Furthermore, the Court notes that Plaintiff
23 currently resides at North Kern State Prison and none of the individuals named as defendants in
24 this action work at North Kern State Prison.  Accordingly, Plaintiff's request for preliminary
25 injunctive relief must be denied.

26 / / /
27 / / /
28 / / /

1 | Based upon the foregoing, it is HEREBY ORDERED that:

2 | 1. Plaintiff's motion for a status update is DENIED; and

3 | 2. Plaintiff's motion for a preliminary injunction is DENIED.

IT IS SO ORDERED.

Dated:   **May 15, 2013**

UNITED STATES MAGISTRATE JUDGE